

Stephanie E. O'Byrne
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0709 - Direct
sobyrne@shawkeller.com

June 11, 2013

**BY CM/ECF AND HAND DELIVERY**
The Honorable Richard G. Andrews
United Stated District Court
844 N. King Street
Wilmington, DE 19801

      Re:    *Vehicle Interface Technologies LLC v. Jaguar Land Rover North America LLC*
               C.A. No. 12-1285-RGA (D. Del.)

Dear Judge Andrews:

      Defendant Jaguar Land Rover North America, LLC ("JLRNA") submits this letter in connection with the discovery conference set for June 14, 2013 at 1:00 pm. This dispute stems from Plaintiff Vehicle Interface Technologies, LLC's ("VIT's") refusal to provide its contentions in response to JLRNA Interrogatory No. 1, which asks VIT to, among other things, "identify the date(s) of first conception and first reduction to practice . . . for each claim of the Patent-in-Suit, [and] any diligence between such conception and respective reduction to practice . . . ." (Ex. 1.)

      **Background.** JLRNA served Interrogatory No. 1 on January 17, 2013. In its initial response, VIT stated that the sole inventor, Dr. Pathare, "conceived the inventions" in the asserted patent and that "[c]onception, as well as constructive reduction to practice, took place *no later than*" the filing date of the asserted patent. (Ex. 2.)[1] VIT also stated that "the inventions of the Pathare Patent were diligently reduced the [sic] to practice" and identified the patent, its file history, and VIT's initial disclosures as documents "supporting its contentions regarding conception and reduction to practice." (*Id*.)

      On March 20, 2013, JLRNA notified VIT that its response was deficient because VIT failed to "identify the exact date of first, and any subsequent, conception and reduction to practice on a claim-by-claim basis [and] any diligence in between such conception and reduction to practice[.]" (Ex. 3.) Over a month later and after more letters from JLRNA (Exs. 4-5), VIT finally agreed to supplement its response to Interrogatory No. 1 by May 10, 2013. (Ex. 6.)

      On May 10, 2013, VIT supplemented its response, but failed to provide any of the requested information. VIT did not provide a date of conception nor did it explain how Dr. Pathare was allegedly diligent from this unknown date of conception to whatever such time as he reduced the invention(s) to practice. Rather, VIT identified an additional 200 pages of documents, with no explanation of how, or if, these documents might be relevant to conception or diligent reduction to practice. (Ex. 7.) Indeed, some of these documents include dates that appear to be prior to the filing date of the Patent-in-Suit, while others include no dates at all. Some of the documents appear to have been authored by Dr. Pathare, while others include no

---

[1] Unless otherwise stated, bolded and/or italicized text indicates "emphasis added."

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 2

indication of the author.  After receiving this supplement, JLRNA again asked VIT to provide the requested information, but VIT refused, forcing JLRNA to seek the Court's assistance in obtaining this critical information.

**Argument.**  VIT should provide a specific date of conception for each of the asserted claims and specifically identify any documents alleged to support this date.  VIT's response to date is that conception and reduction to practice "took place no later than" the filing date of the patent, but this response is insufficient and meaningless.  (Ex. 2)  Of course the inventions were conceived of and constructively reduced to practice "no later than" the filing date of the patent.  The problem is that VIT plainly believes that Dr. Pathare conceived of the inventions *prior to the filing date*, but VIT refuses to provide the specific date or identify any specific document in support of that date.  Courts facing this exact issue have regularly ordered a patentee to provide a specific date (or dates) of conception.  *See, e.g.*, *Nazomi Commc'ns, Inc. v. ARM Holdings PLC*, No. 2-2521, 2003 WL 24054504, at *2 (N.D. Cal. Sept. 3, 2003) (ordering patentee to provide specific date because a response of "no later than" is "vague and ambiguous"); *Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, No. 5-64, 2010 WL 1330002, at *2 (D. Utah Mar. 29, 2010) (ordering patentee to state whether it intends to rely on an earlier date of conception, and if so, to identify the approximate date); *Invacare Corp. v. Sunrise Med. Holdings, Inc.*, No. 4-1439, 2005 WL 1750271, at *3-4 (N.D. Ohio Jan. 21, 2005) (holding that "[p]laintiff's responses are essentially non-responses in that they entirely leave open the critical time period, *i.e.*, the earliest date on which the invention was conceived and reduced to practice").

Further, VIT states that "the inventions of the Pathare Patent were diligently reduced the [sic] to practice," but provides absolutely no explanation of *how and when* they were reduced to practice or how Dr. Pathare was allegedly diligent in reducing the inventions to practice.  (Exs. 2, 7)  JLRNA respectfully requests that this Court order VIT, as other courts have done, to identify any dates of alleged reduction to practice, explain how Dr. Pathare allegedly "diligently" reduced the claimed inventions to practice, and identify with specificity which documents relate to these contentions.  *See Layne Christensen Co. v. Purolite Co.*, No. 9-2381, 2011 WL 231400, at *2-3 (D. Kan. Jan. 24, 2011) (ordering patentee to "describe any circumstances regarding diligence performed between conception and reduction to practice, or otherwise state there was no such diligence"); *accord* Report of Special Master, *XPRT Ventures, LLC v. eBay, Inc.*, Civ. No. 10-595, D.I. 152 at 8-12 (D. Del. Nov. 30, 2011) (ordering supplementation of interrogatory response that failed "to provide any information concerning due diligence and fail[ed] to identify any documents relating to conception, reduction to practice or due diligence") (Ex. 8).

VIT cannot rely solely on a list of documents to respond to this Interrogatory, as it appears to have tried, because listing the Bates numbers of allegedly relevant documents – some of which are undated and list no author – fails to identify what *VIT contends* are the first dates of conception and reduction to practice for each claimed invention.  Similarly, identifying documents fails to explain what *VIT contends* Dr. Pathare did to "diligently" reduce his alleged inventions to practice.  Accordingly, VIT should provide those contentions and not be permitted to conceal them behind a list of documents.  *See, e.g., Boston Scientific Corp. v. Micrus Corp.*, No. 4-4072, 2007 WL 174475, at *2 (N.D. Cal. Jan. 22, 2007) (finding that the patentee "failed to state what *it contends* is shown by the evidence to which it points" and ordering identification

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 3

of dates for conception and reduction to practice); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) (ordering patentee "to fully respond to Interrogatory No. 1 [regarding dates of conception and reduction to practice] without reference to Rule 33(d)").

In fact, VIT's only reason for not providing this information is that its "investigation and analysis into this matter is ongoing." (Ex. 9.) Courts, however, regularly reject this excuse. *See, e.g., XPRT Ventures, LLC* (Ex. 8) at 8-12 (ordering supplementation of interrogatory responses concerning conception and reduction to practice because relevant information was "readily available to the Plaintiff"); *Boston Scientific*, 2007 WL 174475, at *1-2 (ordering specific date when patentee did not explain what additional information needed); *Invacare*, 2005 WL 1750271, *3-4 (ordering supplementation because a wide range of dates for conception and reduction to practice is non-responsive). VIT filed this case. VIT has had access to all the necessary information to form these contentions since before the case was filed. VIT has also requested JLRNA's invalidity contentions, which in part rely on knowing this information. In fact, VIT affirmatively confirmed that the inventor, *who is represented by VIT's lawyers*, diligently reduced the claimed inventions to practice.

Finally, JLRNA has been prejudiced by VIT's failure to respond to this interrogatory in at least two ways. First, JLRNA has spent additional resources searching for prior art for its upcoming invalidity contentions, currently due July 1, 2013, because it does not know how far back VIT may attempt to establish conception. *See In re Papst Licensing GmbH & Co. KG Litig.*, 252 F.R.D. 7, 17 (D.D.C. 2008) (sanctioning patentee because its "failure to respond directly and candidly has sent its opponents down a rabbit hole, trying to ascertain prior art"). Second, JLRNA has had to delay preparing for and taking depositions because it needs VIT's information to determine who to depose and what the scope of the depositions should be. *See, e.g., XPRT Ventures, LLC* (Ex. 8) at 8-12 (defendants "are entitled to understand the framework of the Plaintiff's claims, defenses and arguments in advance of taking the Plaintiff's deposition").

For the foregoing reasons, JLRNA requests that this Court order VIT to provide a full response regarding its current position on the date(s) of conception for the alleged inventions claimed in the Patent-in-Suit. JLRNA also requests a 30 day extension of time after any ordered supplementation to serve its invalidity contentions.

Respectfully submitted,

*/s/ Stephanie E. O'Byrne*

Stephanie E. O'Byrne  (No. 4446)

cc:    All counsel of record (by CM/ECF)
        Clerk of the Court (by hand delivery)