

# FARNAN LLP

June 13, 2013

**Via E-Filing**
The Honorable Richard G. Andrews
United States District Court
844 N. King Street
Wilmington, Delaware 19801

      Re:    **Vehicle Interface Technologies, LLC v. Jaguar Land Rover North America LLC, Civil Action No. 12-cv-1285-RGA**

Dear Judge Andrews:

      Plaintiff Vehicle Interface Technologies, LLC ("VIT") submits this letter in response to Defendant Jaguar Land Rover North America LLC's ("Defendant") June 11, 2013 letter in connection with the discovery conference set for June 14, 2013 at 1:00 p.m. As set forth in further detail below, Defendant's demands for a date of conception before it makes a prima facie case of invalidity are premature and reverse the proper burden of proof, and therefore should be denied.

     **I.**    **Background**

      On January 17, 2013, Defendant served its First Set of Interrogatories (Nos. 1-8) on VIT. (Def.'s Ex. 1.) VIT served its responses and objections on March 1, 2013. (Def.'s Ex. 2.) On March 20, 2013, Defendant sent VIT a letter concerning purported deficiencies in VIT's responses, including VIT's response to Interrogatory No. 1, the subject of the instant dispute. (Def.'s Ex. 3.) VIT initially responded via email on April 1, 2013, stating that VIT is still evaluating Defendant's letter. (Def.'s Ex. 4.) On April 26, 2013, VIT provided a further response addressing each of the issues raised in Defendant's letter.[1] On May 10, 2013, VIT served supplemental responses to Interrogatory Nos. 1, 2, and 7. (Def.'s Ex. 7.)

      Defendant's Interrogatory No. 1 requests, among other things, that VIT "identify the date of first conception and first reduction to practice," and "any diligence between such conception and respective reduction to practice." (Def.'s Ex. 1.) VIT's initial response states that "[c]onception, as well as constructive reduction to practice, took place no later than February 28, 2003," the filing date of the application resulting in the patent-in-suit. (Def.'s Ex. 2.) VIT's response also identifies all persons known to have knowledge relevant to conception and reduction to practice, as well as relevant documents. (*Id.*) VIT's supplemental response to Interrogatory No. 1 identifies further documents subsequently determined to be relevant to

---

[1] For the Court's reference, a copy of VIT's April 26 letter to Defendant is attached as Exhibit A.

conception and reduction to practice. VIT does not currently possess any additional knowledge or information regarding the date of first conception and reduction to practice. VIT's investigation into this matter is ongoing.

## II. Argument

### A. Defendant's Request Is Premature

Defendant's contention that it is entitled to information regarding the date of first conception and reduction to practice prior to serving its invalidity contentions is unsupported. It is well-established that patents are entitled to a statutory presumption of validity. 35 U.S.C. § 282(a). As such, *Defendant* has the burden to "demonstrate invalidity by clear and convincing evidence." *Imperial Chem. Indus., PLC v. Danbury Pharmacal, Inc.*, 745 F. Supp. 998, 1003-04 (D. Del. 1990). "This presumption of validity is never weakened, and the burden of proving invalidity does not shift from the party asserting invalidity." *Id.* (citations omitted). "The burden of going forward with evidence rebutting invalidity may shift to the patentee *only after* the party asserting invalidity has demonstrated a legally sufficient prima facie case of invalidity." *Id.* at 1004 (emphasis added). *See also Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327-29 (Fed. Cir. 2008).

Defendant, "having the ultimate burden of proving its defense of invalidity based on anticipating prior art, then has the burden of going forward with evidence that there is such anticipating prior art," *i.e.*, art that is prior to the application date of the patent-in-suit. *Tech. Licensing*, 545 F.3d at 1327. Only after Defendant has made its prima facie case of invalidity does "the burden of going forward with evidence…that it is not prior art because the asserted claim is entitled to the benefit of a filing date prior to the alleged prior art" shift to VIT. *Id.*

The information requested by Defendant is directly related to issues of validity— namely whether the patent-in-suit is entitled to a priority date predating the alleged prior art. However, Defendant has not yet identified any prior art, as its invalidity contentions are not due until July 1, 2013. Defendant's demand that VIT provide its contentions regarding the earliest priority date is therefore premature and constitutes an improper attempt to shift the burden to VIT. Indeed, the Delaware Default Standard for Discovery contains no requirement that the patentee provide priority dates before the defendant serves its invalidity contentions.

Defendant's allegations of prejudice are unavailing. Any purported "additional resources" spent searching for prior art is merely a product of the fact that Defendant has the burden of proving invalidity, and therefore cannot be attributed to VIT. Defendant's assertion that it "needs" VIT to provide a specific priority date in order to begin taking depositions also fails. VIT's response to Interrogatory No. 1 clearly identifies all individuals known to possess knowledge or information related to conception and reduction to practice. In fact, most of these individuals were also identified months ago in VIT's Fed. R. Civ. P. 26(a) disclosures. Defendant is free to notice the depositions of these individuals as it sees fit. Because all of the

identified individuals are merely fact witnesses, there is no reason why Defendant should need a specific priority date for these depositions.

### B. VIT Is Not Withholding Information From Defendant.

Contrary to Defendant's assertions, VIT has never refused to provide Defendant with information related to the priority date. VIT has disclosed to Defendant all relevant, non-privileged information currently within its possession, custody, and control that is responsive to Interrogatory No. 1, in full compliance with its obligations under the Federal and Local Rules. VIT's statement that its investigation and analysis into these issues is ongoing is not an "excuse," but rather a legitimate response in light of the fact that (a) this case is still in the primary stages (fact discovery does not close until February 2014—8 months from now), and (b) as set forth above, VIT has no obligation to investigate whether the patent-in-suit is entitled to an earlier priority date at least until Defendant has provided its invalidity contentions. Indeed, the issue of priority does not become relevant unless and until Defendant identifies prior art.

In any event, VIT is diligently investigating the circumstances related to conception and reduction to practice, and will timely supplement its response as soon as additional relevant, non-privileged information becomes available.

### III. Conclusion

Based on the foregoing, Defendant's request for an order requiring VIT to provide a "full response regarding its current position on the date(s) of conception" for the patent-in-suit before it provides initial invalidity contentions and attempts to make a prima facie case of invalidity must be denied.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via CM/ECF)