IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VEHICLE INTERFACE TECHNOLOGIES, LLC,

    Plaintiff,

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC,

    Defendant.

C.A. No. 12-1285-RGA

MEMORANDUM OPINION

    Stephen B. Brauerman, Esq., Bayard, P.A., Wilmington, DE; Sara E. Busseire, Esq., Bayard, P.A., Wilmington, D.E.; Robert E. Freitas, Esq., Freitas, Angell & Weinberg, LLP, Rewood Shores, CA; Attorneys for Plaintiff.

    John W. Shaw, Esq., Shaw Keller, LLP, Wilmington, DE; Stephanie O'Byrne, Potter Anderson & Coroon, LLP; Matthew J. Moore, Esq., Latham & Watkins, LLP, Washington, DC; Clement Naples, Esq., Latham & Watkins, LLP, New York, NY; Attorneys for Defendants.

June 3, 2015

**ANDREWS, U.S. DISTRICT JUDGE:**

Plaintiff Vehicle Interface Technologies, LLC ("VIT") brought an action for infringement of its patent, U.S. Patent No. 6,842,677 ("the '677 patent"), against Defendant Jaguar Land Rover North America, LLC. The patent at issue broadly relates to a user interface for the driver of a vehicle. ('677 Patent, Abstract). In a related matter, this Court granted summary judgment that the patent was anticipated by prior art. (D.I. 115). In the present matter, Defendant moves for summary judgment that the accused product does not infringe any asserted claim. (D.I. 88). The Motion has been fully briefed (D.I. 89, 96, 100), and the Court has held oral argument on the issue. (D.I. 114). At the oral argument, the Court requested that the parties submit additional briefing on a new claim construction argument raised at the hearing by Plaintiff. (D.I. 114 at 67). The parties submitted supplemental letters on that claim construction issue. (D.I. 113, 117). For the following reasons, the Motion is **DENIED**.

## I. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

2

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## II. Analysis

Plaintiff asserts claim 1, and dependent claims 2, 3, 5, and 6 against Defendant. (D.I. 89 at p. 3). Claim 1 reads:

> A user interface system for a vehicle having a steering device, the system comprising:
> *a plurality of pages*, wherein each page includes at least one parameter for at least one of a plurality of optional subsystems for the vehicle;
> a display mounted behind the steering device, the display including a fixed area and a selectable area, wherein the fixed area displays vehicle information and *the selectable area displays one of the plurality of pages*, and *wherein the fixed*

3

> *area and the selectable area each comprise a unique and static portion of the display*; and
>> a computing system in communication with the display device, wherein the computing system operates each of the plurality of optional subsystems based on the at least one parameter.

('677 patent, Claim 1) (important claim terms highlighted).

The Court has previously construed the term "wherein the fixed area and the selectable area each comprise a unique and static portion of the display" to mean "wherein the fixed area and the selectable area have non-overlapping and non-moving boundaries and the fixed area does not display any of the plurality of pages." (D.I. 53 at 5). In the recent opinion related to anticipation of the patent, the Court construed the term "page" to mean "a collection or section of information that can be displayed on a screen at one time." (D.I. 115 at 7).

The accused product is the Jaguar XJ. (D.I. 89 at p. 4). Specifically, the Jaguar XJ's instrument cluster uses an LCD screen to display certain gauges, including a speedometer. (*Id.*). When a driver engages cruise control using a button on the steering wheel, a green indicator is displayed on the speedometer, allowing the driver to maintain a specific speed. (D.I. 89 at p. 17). Similarly, a driver can engage the automatic speed limiter ("ASL"), setting the maximum speed the car can travel, also using a marker displayed on the speedometer. (D.I. 89 at pp. 17-18).

In the briefing, Defendant argues that there is no infringement of the asserted claims because the cruise control and ASL system are pages, having indicators displayed in a fixed area, which is the speedometer. (*Id.*). According to the Defendant, there can be no infringement unless the plurality of pages is displayed outside of the fixed area. (*Id.*). Defendant argues that Plaintiff attempts to redraw the boundary of the fixed area such that the cruise control and ASL indicators fall outside the speedometer and therefore outside of the fixed area. (*Id.*). Further,

4

Defendant argues that Plaintiff errs in concluding that the cruise control and ASL indicators are not pages, or that it is material that they are operated by different buttons on the steering wheel than the ones used to operate other pages. (*Id.*). At the hearing, Defendant explained that cruise control and ASL are set by a button on the steering wheel, which requires use of the speedometer in the fixed area, but does not require use of the selectable area. (D.I. 114 at 28-30). At the hearing, Defendant clarified that the markers by themselves are not pages. The "markers plus the speedometer" constitute the pages, because the cruise control and ASL systems cannot be used without both. (D.I. 89 at p. 32).

Plaintiff responds that the cruise control and ASL indicators are "markers" and not pages, and that they do not appear in the fixed area because they appear adjacent to, but not upon, the speedometer. (D.I. 96 at p. 18). Much of the remaining briefing on this issue relates to how these "markers" cannot be pages. (D.I. 96 at pp. 19-20).

At the oral argument, for the first time, Plaintiff disagreed with Defendant's position that if there is a page in the fixed area there cannot be infringement. (D.I. 114 at 36-38). Instead, according to Plaintiff, what matters is whether a page is displayed in both the selectable and fixed areas. Plaintiff explained: "If in the fixed area a page is displayed but that page is never displayed in the selectable area, no issue is raised as to whether the boundaries are unique and static. You have something completely unique in the fixed area and the fact that it's a page doesn't impair the uniqueness or the staticness ... It isn't simply that there's a page in the fixed area." (D.I. 114 at 37).

Plaintiff conceded this argument had not been raised in the written briefs. (D.I. 114 at 38). During the argument, Defendant's counsel also explained that it was the first time he had

5

heard this argument. (D.I. 114 at 39). The Court requested letters from the parties on this claim construction argument (D.I. 114 at 67), which the parties submitted. (D.I. 113, 117).

In its letter, Plaintiff again argued that Defendant's theory should fail because the pages identified by Defendant are not also displayed in the selectable area. (D.I. 113 at 1). Plaintiff argues that the antecedent of "the plurality of pages" in the Court's construction related to "unique and static" is "one of the plurality of pages" that is displayed in the selectable area. (D.I. 113 at 2).[1] Therefore, according to Plaintiff, the "unique and static" limitation requires that the fixed area not display any of the plurality of pages that are also displayed in the selectable area. (*Id.*). Consequently, according to Plaintiff, Defendant's argument that there is non-infringement merely if a page is displayed in the fixed area should fail unless it is one of the plurality of pages also displayed in the selectable area. (*Id.*).

In response to this argument, Defendant argues that Plaintiff misreads the structure of the claims. (D.I. 117 at 1). Defendant makes a structural argument, as follows. Defendant basically argues that the claim has two different branches of terms related to pages, "a plurality of pages" and "one of the plurality of pages." According to Defendant, the Court's construction of the "unique and static" portion of the display refers to "a" plurality of pages, not "one of" the plurality of pages. (D.I. 117 at 1-2). According to Defendant, the selectable area displays "one of" the plurality of pages, not "any" of the plurality of pages that are disallowed from the fixed area. (*Id.*). Therefore, Defendant argues, that means pages cannot be displayed on the fixed area, regardless of whether or not they are also displayed in the selectable area. (*Id.*). Defendant makes other ancillary arguments about Plaintiff basing its argument on the "content" of the

---

[1] The Court construed the unique and static phrase such that the fixed area does not display "any of the plurality of pages," which is "the plurality of pages" to which Plaintiff refers.

6

areas, while ignoring the function of the areas. (D.I. 117 at 2). Defendant also argues that Plaintiff's present position on these terms is contrary to its position in the claim construction hearing. (D.I. 117 at 2).

It seems clear that the cruise control and ASL systems each constitute a page. Since the time the Court heard oral argument on this Motion, the Court has construed page as a "collection or section of information that can be displayed on a screen at one time," rejecting Plaintiff's proposed construction of "one complete full-screen image, including formatting such as shapes, colors, and rotation of fonts." (D.I. 115 at 7). Plaintiff's argument that "markers" or "green or red tick mark[s]" cannot be pages presupposes that a page is a full-screen image, but the Court has already said that is not required, nor are formatting or particular aesthetic standards required. (D.I. 115 at 7-8). These cruise control and ASL systems, which include the markers (or even as Defendant characterizes them, markers plus the speedometer), must constitute pages.

I think the parties' dispute boils down to whether the "fixed area" can have any page-type information. The "unique and static" limitation does not by itself mean that the fixed area cannot have page information. That limitation, by itself, simply requires that, if the fixed area has page information, the page information must not be the same page information that the selectable area can display. I think this raises a different claim construction issue, namely, whether the fixed area can have any page information. The names of the two sections suggest that all page information should display in the selectable area. However, there has been no formal claim construction, and the present briefing does not directly address the issue.

Therefore, on the present record, summary judgment of non-infringement cannot be granted.

7

**III. Conclusion**

For the foregoing reasons, the Motion for Summary Judgment of non-infringement (D.I. 88) is **DENIED**. A separate order will follow.