IN THE UNITED STATES DISTRICT COURT

FOR THE DELAWARE DISTRICT

VEHICLE INTERFACE TECHNOLOGIES,  )
LLC,                             )
                                 )          REDACTED – PUBLIC VERSION
                    Plaintiff,   )
                                 )          C.A. No. 12-1285-RGA
v.                               )          C.A. No. 14-339-RGA
                                 )
JAGUAR LAND ROVER NORTH          )          ███████████████
AMERICA, LLC,                    )
                                 )
                    Defendant.   )

## JAGUAR LAND ROVER NORTH AMERICA, LLC'S
## OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DECLARE THIS CASE EXCEPTIONAL PURSUANT TO 35 U.S.C. § 285

OF COUNSEL:
Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2278

Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1331

Lisa K. Nguyen
LATHAM & WATKINS LLP
140 Scott Drive,
Menlo Park, CA 94085
(650) 463-2600

Dated: July 30, 2015

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant Jaguar Land Rover
North America, LLC*

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDING.............................................................. 1

II.   SUMMARY OF ARGUMENT ................................................................................... 1

III.  STATEMENT OF FACTS ........................................................................................ 3

      A.    The Present Litigation............................................................................... 3

      B.    Plaintiff VIT and Empire IP....................................................................... 5

      C.    Empire IP's Frivolous Suits Against Automobile Manufacturers ............. 7

IV.   ARGUMENT ......................................................................................................... 9

      A.    Legal Standard ......................................................................................... 9

      B.    An Award Of Attorneys' Fees Is Appropriate In This Case.................... 11

            1.    VIT Maintained This Suit Based On An Unsupportable Claim
                  Construction Position.................................................................. 11

            2.    VIT Drove Up Costs To Coerce Settlement ................................ 14

            3.    VIT and Empire IP's Serial and Frivolous Litigations Must Be
                  Deterred....................................................................................... 14

      C.    JLRNA Is The Prevailing Party ............................................................. 15

      D.    The Court Should Award JLRNA's Fees And Non-Taxable Costs ........ 16

V.    CONCLUSION..................................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
   393 F.3d 1378 (Fed. Cir. 2005)................................................................................9

*Cent. Soya Co. v. Geo. A. Hormel & Co.*,
   723 F.2d 1573 (Fed. Cir. 1983)..............................................................................16

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   No. 11-1175-RGA, 2014 WL 4675002 (D. Del. Sept. 12, 2014).....................16, 17

*Comput. Docking Station Corp. v. Dell, Inc.*,
   519 F.3d 1366 (Fed. Cir. 2008)..............................................................................12

*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*,
   524 F.3d 1254 (Fed. Cir. 2008)..............................................................................10

*Eltech Sys. Corp. v. PPG Indus., Inc.*,
   903 F.2d 805 (Fed. Cir. 1990)................................................................................11

*Eon-Net LP v. Flagstar Bancorp*,
   653 F.3d 1314 (Fed. Cir. 2011).........................................................................14, 15

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994)................................................................................................10

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)................................................................................................16

*Inland Steel Co. v. LTV Steel Co.*,
   364 F.3d 1318 (Fed. Cir. 2004)..............................................................................11

*Kilopass Tech., Inc. v. Sidense Corp.*,
   738 F.3d 1302 (Fed. Cir. 2013)..............................................................................16

*Lumen View Tech., LLC v. Findthebest.com, Inc.*,
   24 F. Supp. 3d 329 (S.D.N.Y. 2014).......................................................................10

*MarcTec, LLC v. Johnson & Johnson*,
   664 F.3d 907 (Fed. Cir. 2012).........................................................................12, 13

*Mathis v. Spears*,
   857 F.2d 749 (Fed. Cir. 1988)................................................................................16

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ...................................................................................................9, 10, 14

*Parallel Iron LLC v. NetApp, Inc.*,
   70 F. Supp. 3d 585 (D. Del. 2014) ...................................................................................12, 15

*Secor View Techs. LLC v. Jaguar Land Rover N. Am., LLC*,
   No. 12-3308-FSH-MAH, slip op. (D.N.J. Nov. 21, 2013), D.I. 87 ....................................8, 15

*Summit Data Sys., LLC v. EMC Corp.*,
   No. 10-749-GMS, 2014 WL 4955689 (D. Del. Sept. 25, 2014).......................................14, 15

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013)...............................................................................................13

*Vehicle Operation Techs. LLC v. Ford Motor Co.*,
   No. 13-539-RGA, slip op. (D. Del. July 1, 2015), D.I. 85.........................................................7

*Vehicle Operation Techs. LLC v. Ford Motor Co.*,
   No. 13-539-RGA, slip op. (D. Del. Sept. 12, 2014), D.I. 61 .....................................................7

## STATUTE

35 U.S.C. § 285...............................................................................................................3, 9, 17

## OTHER AUTHORITIES

Fed. R. Civ. P. 54(d)(2)(B)(iii) ....................................................................................................17

Fed. R. Civ. P. 54(d)(2)(C) ..........................................................................................................17

Local Rule 54.1(a)(1).....................................................................................................................17

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| JLRNA | Defendant Jaguar Land Rover North America, LLC |
| VIT | Plaintiff Vehicle Interface Technologies, LLC |
| '677 Patent | U.S. Patent No. 6,842,677 |
| Nguyen Decl. | Declaration of Lisa K. Nguyen in Support of JLRNA's Motion to Declare this Case Exceptional Pursuant to 35 U.S.C. § 285 |
| Ex. __ | Ex. __ to the Nguyen Decl. |
| 2001 Mercedes | 2001 Mercedes Benz E-Class |
| Empire IP | Empire IP, LLC |
| CCT | Cruise Control Technologies, LLC |
| Secor | Secor View Technologies, LLC |
| VOT | Vehicle Operation Technologies, LLC |
| D.I. | 12-1285 D.I. |
| 339 D.I. | 14-339 D.I. |

\*      Emphasis added throughout, unless otherwise indicated.

## I.  NATURE AND STAGE OF THE PROCEEDING

Defendant Jaguar Land Rover North America, LLC ("JLRNA") respectfully moves this Court to declare this case exceptional pursuant to 35 U.S.C. § 285 and to award JLRNA its attorneys' fees and other costs against Plaintiff Vehicle Interface Technologies, LLC ("VIT"). This is JLRNA's opening brief in support of that motion.

## II.  SUMMARY OF ARGUMENT

This case stands out as exceptional on multiple fronts.  ***First***, VIT pursued this litigation despite knowing that the sole asserted patent in this case was anticipated by the 2001 Mercedes. Rather than dropping its claims when confronted with the 2001 Mercedes, VIT maintained the litigation by asserting an indefensible claim construction position that this Court found was "***not even close*** to being a proper claim construction."  D.I. 115 at 10.  In particular, to maintain both infringement and validity, VIT had to assert a construction of the term "page" so as to both include the accused display on the left and exclude the prior art display on the right:

                    

**Accused Display**                    **Prior Art Display**

D.I. 115 at 9.  But as this Court found, "the only difference between the two images above is the relative 'attractiveness' of the display screens. No construction of the term 'page' can incorporate such a fine distinction" and therefore, "[t]he claims of the '677 patent ***could not reasonably*** be found to be both valid and infringed when applying a single construction of the term 'page.'"  *Id.* at 9-10.  VIT's litigation position was objectively baseless and is one that "stands out" as fatally deficient in substance.

1

*Second*, VIT needlessly increased litigation costs to coerce JLRNA to settle.  VIT filed a second case against JLRNA asserting infringement against products excluded from the first, forcing JLRNA to litigate two separate actions on the same invalid patent.  *See* 339 D.I. at 1. Rather than stay the second action pending the first, VIT continued to litigate its second case while it advanced its improper claim construction, briefed summary judgment motions, and argued summary judgment.  VIT's strategic conduct to leverage litigation costs to extract settlements is one that stands out for its bad faith.

*Third*, JLRNA continues to be the target of multiple baseless suits filed by VIT's parent Empire IP, LLC ("Empire IP").  VIT is a subsidiary of Empire IP, one of the most prolific patent assertion entities in the United States, and one known for its practice of pressing frivolous cases forward to extract nuisance settlements.  Refusing to settle, JLRNA has been forced to bear the cost of defending itself through each baseless suit.  Against Empire IP subsidiary Secor View Technologies LLC ("Secor"), JLRNA obtained summary judgment of indefiniteness against the sole asserted patent.  Against Empire IP subsidiary Cruise Control Technologies LLC ("CCT"), the Patent and Trial Board ("PTAB") invalidated all challenged claims on as many as 10 separate grounds after JLRNA and other defendants submitted the sole asserted patent for *inter partes* review.  This past month, this Court sanctioned Empire IP subsidiary Vehicle Operation Technologies LLC ("VOT") where, just like VIT here, VOT maintained an infringement action predicated on a baseless claim construction.  But Empire IP remains undeterred, moving forward with its meritless appeal in this case, and continuing to pursue other frivolous actions against JLRNA.  Empire IP's gross and unrelenting pattern and practice of maintaining baseless actions is one that stands out for its exceptional need for deterrence.

This case stands out as exceptional under 35 U.S.C. § 285, and therefore, JLRNA respectfully requests this Court award JLRNA attorneys' fees and non-taxable costs.

## III.   STATEMENT OF FACTS

### A.   The Present Litigation

VIT never should have filed this case.  Any minimally diligent search would have uncovered the prior art 2001 Mercedes, which plainly anticipates U.S. Patent No. 6,842,677 ("the "'677 patent"), the sole asserted patent in this case.  But VIT filed its complaint against JLRNA, Ferrari, Porsche, and Ford on October 5, 2012, alleging infringement of the '677 patent.  Notably, VIT chose not to assert infringement against Mercedes.  Although no direct evidence links this decision to the 2001 Mercedes prior art, it is reasonable to infer that this decision reflects pre-suit knowledge of the 2001 Mercedes prior art, especially given that Mercedes has been targeted by VIT's principals in multiple litigations.

At the least, VIT should have known the 2001 Mercedes anticipated the '677 patent by July 1, 2013, when JLRNA served its Initial Invalidity Contentions, which identified the prior art 2001 Mercedes.  Ex. T, JLRNA's Initial Invalidity Contentions at Ex. M.  Indeed, on October 4, 2013, in response to JLRNA's interrogatory, VIT identified a "plurality of pages" and "unique and static" as the only limitations required by the asserted claims missing in the 2001 Mercedes.  Ex. U, VIT's Suppl. Objs. & Resps. to Def. JLRNA's Second Set of Interrogs. (Nos. 9-10) at 17-18.  Also in October, Porsche filed a petition for *inter partes* review with the PTAB contending that the asserted claims were invalid because, among other reasons, they were anticipated by a prior art Mercedes.[1]  Ex. V, IPR Petition No. IPR2014-00014, at 4-5.  In response to the petition,

---

[1] The IPR petition relied on the manual for the 2001 Mercedes-Benz S-Class, which included substantially similar anticipating features to the 2001 Mercedes-Benz E-Class that formed the basis for the Court's grant of summary judgment of anticipation.

VIT only alleged that the manual for the Mercedes was not prior art.  Ex. W, Patent Owner's

Prelim. Resp. at 20-23.  ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████    Ex. X, Ferrari

Settlement Agreement § 5.1; Ex. Y, Porsche Settlement Agreement § 5.1; Ex. Z, Joint Mot. to

Terminate.

      Soon after the close of fact discovery, VIT materially increased costs for JLRNA by

filing a second case.  On February 14, 2014, less than two hours before fact discovery was set to

close, VIT served amended infringement contentions to expand the case from one accused

product to eight accused products in an attempt to increase JLRNA's exposure.  *See* D.I. 70.

When the Court granted JLRNA's request to exclude these products from the case, VIT filed a

second action against JLRNA (C.A. No. 14-339-RGA).  *See* Oral Order (Mar. 14, 2014);

339 D.I. 1.

      There can be no question that VIT knew that the 2001 Mercedes anticipated by the time

expert reports were exchanged.  In May 2014, JLRNA served the invalidity expert report of Dr.

Paul Green opining that the asserted claims of the '677 patent were invalid as anticipated by the

2001 Mercedes.  Ex. AA, Green Invalidity Report ¶¶ 396-456.  In response, VIT's expert opined

only that the 2001 Mercedes did not disclose "pages" because a "page" requires "some level of

formatting and/or graphical detail."  *See* Ex. BB, Nranian Validity Report ¶¶ 72-73, 94

("A 'page' has appearance characteristics such as shapes, color gradients, graphical details, etc.

to make selectable features more distinct, readable, and sharper. . . .  [A] page, as it would be

understood as of 2002, requires more in terms of detail, formatting, etc. than the mere 1-4 lines

of basic text provided in the message center of the 2001 Mercedes Benz E-Class.").

With "pages" being the only issue as to whether the 2001 Mercedes anticipated the '677 patent, JLRNA filed a motion for summary judgment of invalidity. D.I. 89. Recognizing that its expert's position was facially flawed, in opposition to JLRNA's motion for summary judgment, VIT argued for the first time that "pages" should be construed as "one complete full-screen image." D.I. 96 at 11. But in an effort to prolong the litigation, VIT interpreted its own construction to mean that "pages" required "formatting." *See* D.I. 115 at 10. At the hearing with nowhere to hide, VIT confirmed that "construing the term 'page' was the only remaining issue to determine whether the 2001 Mercedes anticipates the asserted claims of the '677 patent." *Id.* at 11. VIT further "agreed that if the Court adopts Defendants' construction of 'page,' then the 2001 Mercedes anticipates the asserted claims of the '677 patent." *Id.*

On January 21, 2015, this Court found what VIT knew or should have known before it filed this case—the 2001 Mercedes anticipates the asserted claims of the '677 patent. In making its ruling, the Court found that "the claims of the '677 patent ***could not reasonably*** be found to be both valid and infringed when applying a single construction of the term 'page'" and that "VIT's proposal is ***not even close*** to being a proper claim construction." *Id.* at 9-10.

On June 25, 2015, the Court entered final judgment in this case and the second later-filed case in favor of JLRNA against VIT. D.I. 132; 339 D.I. 43. Subsequently, on July 13, 2015, VIT filed a notice of appeal.

### B.      Plaintiff VIT and Empire IP

VIT was formed by Daniel Mitry and Timothy Salmon through their patent monetization company Empire IP. Over the past five years, Empire IP has filed more than 350 cases against almost 550 defendants, making it the third most prolific patent assertion entity over that period.

Ex. A, 2014 NPE Litigation Report at 30 (Tables 7 & 8).  Empire IP has been behind at least 37 litigation campaigns, 14 of which are currently active.  Ex. B, RPX Search.

Messrs. Mitry and Salmon, who control all aspects of VIT and Empire IP, are both licensed patent attorneys who hold themselves out as patent licensing and litigation professionals with over ten years' experience.  Ex. C, Empire IP Management Team Website.  In addition to VIT, Messrs. Mitry and Salmon control dozens of other non-practicing shell entities.  *See* Ex. D, Jan. 29, 2014 Mitry Dep., at 42:7-43:21, 80:7-18.  Rather than use their experience to identify and enforce legitimate patents, Messrs. Mitry and Salmon through these shells have repeatedly brought baseless suits against the same parties to extract settlements.

In particular, Empire IP consistently uses these shell companies to file lawsuits in various jurisdictions, often against the same defendants, and in many instances against automobile manufacturers.  For example, in addition to the present matter, Empire IP used shell companies to file the following lawsuits against automobile manufacturers:[2]

- *Vehicle Operation Technologies ("VOT")*:  VOT filed 7 cases asserting U.S. Patent No. 7,145,442 ("the '442 patent") against various automobile manufacturers, including Ford, Mitsubishi, Nissan, BMW, General Motors, Porsche, and Honda.  *See, e.g.*, *Vehicle Operation Techs. LLC v. Ford Motor Co.*, No. 13-539-RGA (D. Del.).

- *Cruise Control Technologies ("CCT")*:  CCT filed 15 lawsuits asserting U.S. Patent No. 6,324,463 ("the '463 patent") against various automobile

---

[2] In addition to these lawsuits, Empire IP filed 33 suits using the Data Speed Technology shell, 24 suits using the LBS Innovations shell, 12 suits using the Cuozzo Speed Technologies shell, 17 suits using the Maz Encryption Technologies shell, 34 suits using the SmartFit Solutions shell and 63 suits using the DietGoal Innovations shell.

manufacturers, including JLRNA, Volkswagen, General Motors, Chrysler, Nissan, Porsche, Hyundai, Honda, Ford, Volvo, Mercedes, Toyota, Subaru, Audi, and BMW. *See, e.g.*, *Cruise Control Techs. LLC v. Jaguar Land Rover N. Am., LLC*, No. 12-1758-AJT-RSW (D. Del.).

- *Secor View Technologies ("Secor")*: Secor filed 3 lawsuits asserting U.S. Patent No. 5,289,321 ("the '321 patent") against various automobile companies, including JLRNA, BMW, and Nissan. *See, e.g.*, *Secor View Techs. LLC v. Jaguar Land Rover N. Am., LLC*, No. 12-3308-FSH-MAH (D.N.J.).

Notably, in each of these cases, the asserted patent was found to be invalid.

## C.     Empire IP's Frivolous Suits Against Automobile Manufacturers

Despite filing dozens of suits, not a single suit brought by an Empire IP company against an automobile manufacturer has ever made it to trial. In *VOT*, defendants moved to dismiss under Rule 11 based on statements made by the inventor in prosecution that precluded VOT from alleging infringement. After an early claim construction hearing, the Court granted defendants' Rule 11 motion. Ex. E, *Vehicle Operation Techs.*, No. 13-539-RGA, slip op. at 4 (Sept. 12, 2014) (D.I. 61). There, as here, the Court stated that VOT's proffered claim construction "wasn't even close" to a proper construction. Ex. F, June 27, 2014 *VOT* Rule 11 Hr'g Tr., at 24:6-10. The Court subsequently granted defendants' motion to declare the VOT case exceptional holding that "any objectively reasonable pre-suit investigation would reveal that the entire action was meritless" and that "[p]laintiff . . . cannot be said to have acted reasonably, because the entire litigation was unreasonable." Ex. G, *Vehicle Operation Techs.*, No. 13-539-RGA, slip op. at 5 (July 1, 2015) (D.I. 85).

In *Secor*, the district court issued its claim construction order agreeing with JLRNA and other defendants that ***multiple*** terms in the sole independent claim in the sole asserted patent in the case were indefinite.  Ex. H, *Secor View Techs.*, No. 12-3308-FSH-MAH, slip op. at 23 (Nov. 21, 2013) (D.I. 87).  The court found that each of these terms provided an independent ground for a finding of invalidity based on indefiniteness.  *Id.*  In light of these rulings, the court entered judgment that the asserted patent was invalid and granted judgment in favor of defendants.  Ex. I, Final Judgment, *Secor View Techs.*, No. 12-3308-FSH-MAH (D.N.J. Dec. 16, 2013), (D.I. 91), ¶¶ 1-2.

In *CCT*, defendants filed five separate petitions for *inter partes* review, each alleging that the asserted patent was invalid under both 35 U.S.C. §§ 102 and 103.  *See* Ex. J, IPR Petition No. IPR2014-00279; Ex. K, IPR Petition No. IPR2014-00280; Ex. L, IPR Petition No. IPR2014-00281; Ex. M, IPR Petition No. IPR2014-00291; Ex. N, Honda IPR Petition No. IPR2014-00279.  The PTAB granted all five petitions and instituted an *inter partes* review of the asserted patent based on each of the petitions.  After the oral hearings, the PTAB found that defendants demonstrated that all of the challenged claims were invalid, and issued five opinions invalidating the claims.  *See* Exs. O-S, IPR Final Written Decisions.  Notably, each of the challenged claims were rejected on at least two separate grounds, with some claims rejected on as many as 10 separate grounds.  *See id.*

Thus, the courts and the PTAB have repeatedly found Empire IP's patents invalid.  Yet Empire IP continues to file and maintain baseless suits.  Indeed, while this Court found that VOT's claim construction "wasn't even close" to a proper construction in granting defendants' Rule 11 motion (Ex. F, *VOT* Rule 11 Hr'g Tr. 24:6-10), only three months later VIT advanced its indefensible claim construction here, where this Court likewise found that it was "not even close

to a proper claim construction." D.I. 115 at 10. And, on December 12, 2014, using the shell Manitto Technologies, Empire IP again filed a suit against JLRNA, Mercedes, Hyundai, Kia, Chrysler, Toyota, Volvo, Honda, Ferrari, Nissan and Subaru. *See, e.g, Manitto Techs., L.L.C. v. Jaguar Land Rover N. Am., LLC*, No. 14-1112 (E.D. Tex.).

## IV.   ARGUMENT

### A.   Legal Standard

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court recently rejected the Federal Circuit's restrictive standard of *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)[3] and redefined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Court went on to state that "sanctionable conduct is not the appropriate benchmark . . . [A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id*. at 1756-57. *Octane Fitness* also rejected the requirement that a litigant establish entitlement to fees under § 285 by clear and convincing evidence, stating that § 285

---

[3] Under *Brooks Furniture*, an "exceptional" case required showing both that "(1) the litigation [wa]s brought in subjective bad faith, and (2) the litigation [wa]s objectively baseless." 393 F.3d at 1381. In *Octane Fitness*, the Supreme Court rejected this standard, finding that it is "unduly rigid, and it impermissibly encumbers the statutory grant of discretion to district courts." 134 S. Ct. at 1755.

"demands a simple discretionary inquiry" that is governed by a "preponderance of the evidence" standard. *Octane Fitness*, 134 S. Ct. at 1758.

Without setting forth a particular test for exceptionality under § 285, the Court explained that the district court "in the case-by-case exercise of their discretion, [should consider] the totality of the circumstances" and suggested that the "district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id*. at 1756 n.6 (*citing Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)) (internal quotations omitted). The Court additionally recognized that "there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Octane Fitness*, 134 S. Ct. at 1759 (*citing Fogerty*, 510 U.S. at 534).

In applying the "totality of the circumstances" test and assessing the "deterrence" factor from *Octane Fitness*, courts have considered the circumstance of serial litigation brought by multiple shell companies with common owners or relationships. For example, in *Lumen View Technology, LLC v. Findthebest.com, Inc.*, the court found a case instituted by Lumen, a nonpracticing shell entity that is one of a number of related companies involved in litigating patent infringement suits, was exceptional under 35 U.S.C. § 285. 24 F.Supp. 3d 329, 335-36 & n.3 (S.D.N.Y. 2014) (*citing Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008)). Specifically, the court noted that Lumen's predatory strategy, including multiple other litigations, supported the determination that the suit was exceptional. *Id.* at 336.

10

When determining whether a party is a prevailing party, the Federal Circuit has followed the Supreme Court's definition of a prevailing party as used in other fee-shifting statutes. *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004). In *Inland Steel*, the Federal Circuit held that district courts are to "apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Id.* (quotation marks omitted, ellipses in original).

### B.  An Award Of Attorneys' Fees Is Appropriate In This Case

This case "stands out from others" in three separate and independent ways. **First**, VIT maintained this litigation in the face of anticipatory prior art and asserted improper and baseless claim construction positions in an attempt to extort settlement from JLRNA. **Second**, VIT drove up costs by filing a second case and continues to drive up costs by filing a meritless appeal to coerce JLRNA into settlement. **Third**, Empire IP (the true plaintiff in this case) has filed case after case against JLRNA asserting fatally weak patents—behavior that must be deterred. While each of these bases alone would support a finding of exceptionality, when considering these facts in totality, there can be no doubt that an award of attorneys' fees and costs is appropriate.

### 1.  VIT Maintained This Suit Based On An Unsupportable Claim Construction Position

In view of the 2001 Mercedes prior art, any reasonable, good faith plaintiff would have dropped its claims and dismissed the case. But to maintain its meritless claims, VIT instead concocted an objectively baseless claim construction that this Court found "***not even close*** to a proper claim construction." D.I. 115 at 10. As such, this Court should find this case exceptional and award JLRNA fees. *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990) ("The filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case

exceptional under 35 U.S.C. § 285 and awarding costs, attorney fees, and expenses to the accused infringer.").

At every juncture in this litigation, VIT had the opportunity to evaluate its claims and come to the only supportable conclusion—that the 2001 Mercedes anticipates the '677 patent. Even before the suit was filed, any minimal search would have uncovered the 2001 Mercedes, particularly here, where Empire IP has a long history of suing automobile manufacturers including Mercedes. *See Parallel Iron LLC v. NetApp, Inc.*, 70 F. Supp. 3d 585, 594 (D. Del. 2014) (awarding sanctions where "some [pre-suit] investigation did occur" but "no evidence that the Plaintiffs' investigation . . . was 'extensive,' let alone minimally sufficient").

But setting aside any pre-suit diligence, VIT should have recognized that the '677 patent was invalid at least as early as July 1, 2013, when JLRNA served its invalidity contentions identifying the 2001 Mercedes.  In fact, VIT was specifically asked to distinguish the 2001 Mercedes in response to JLRNA's interrogatory in October 2013.  Rather than admitting that the 2001 Mercedes anticipated the '677 Patent and dismissing the case, VIT continued litigating and pushed forward with written discovery, claim construction, and depositions at JLRNA's expense. *Comput. Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1379 (Fed. Cir. 2008) (where a patentee "prolongs litigation in bad faith, an exceptional finding may be warranted").

VIT's conduct rose to another level of bad faith during expert discovery.  In May 2014, JLRNA served its expert report on invalidity where it once again asserted that the 2001 Mercedes anticipated the '677 patent.  Rather than admitting defeat and dismissing the case as it should have, VIT manufactured a meritless construction of "page" that only serves to evidence VIT's lack of good faith. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir.

2012) ("[Plaintiff's] proposed claim construction was so lacking in any evidentiary support that assertion of this construction was unreasonable and reflects a lack of good faith.").

As this Court has stated, "the claims of the '677 patent ***could not reasonably*** be found to be both valid and infringed when applying a single construction of the term 'page.'" D.I. 115 at 9. Yet VIT's expert opined that the 2001 Mercedes did not anticipate the '677 patent because "pages" required "some level of formatting and/or graphical detail" and "has appearance characteristics such as shapes, color gradients, graphical details." Ex. BB, Nranian Validity Report ¶ 73. At his deposition, VIT's expert testified that his construction requires a "page" to be "aesthetically pleasing." Ex. CC, Aug. 28, 2014 Nranian Dep., at 318:1-3. These claim construction positions are facially unsupportable and only demonstrate that VIT "subjectively knew that it had no basis for asserting infringement and therefore pursued [the] litigation in bad faith." *MarcTec*, 664 F.3d at 918.

VIT compounded this evidence of bad faith during summary judgment. Recognizing that its expert's "appearance characteristics" argument was facially flawed, VIT continued to litigate by proffering another construction of "page"—"one complete full-screen image, including formatting such as shapes, colors, and rotation of fonts." D.I. 115 at 7. But, again, as this Court found, "nothing in the claims or the specification . . . requires a 'page' to be a 'complete full-screen image,' or to have a certain degree of 'formatting.'" *Id.* at 8. And "[w]hen patentees have sought unreasonable claim constructions divorced from the written description, . . . court[s] ha[ve] found infringement claims objectively baseless." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013).

After more than two years of litigation, this Court found the '677 patent anticipated by the 2001 Mercedes. D.I. 115 at 12. VIT knew or should have known that the 2001 Mercedes

anticipates the '677 patent` before it filed this case, and certainly before it filed its second case. But instead of dropping its claims, VIT advanced objectively unreasonable positions and prolonged the litigation in bad faith.  These actions more than satisfy the requirements under *Octane Fitness* for the award of attorneys' fees.

### 2.      VIT Drove Up Costs To Coerce Settlement

Aside from its improper claim construction positions and failure to acknowledge anticipatory prior art, VIT needlessly increased costs (and continues to increase costs) to force JLRNA to settle.  Two hours before the close of fact discovery, VIT attempted to expand the case to add seven new vehicle models in another effort to coerce settlement.  *See* D.I. 70.  When the Court struck these new contentions, VIT filed a second suit.  *See* Oral Order (Mar. 14, 2014); 339 D.I. 1.  JLRNA has not only been forced to incur the cost of striking VIT's eleventh hour contentions, but has also been forced to incur the additional costs to manage two separate litigations.  Moreover, VIT continued to litigate this second case after advancing its improper construction, after the parties briefed summary judgment, and after the parties argued summary judgment.  Even now, VIT continues to maintain this litigation (even in appeal) in order to leverage the disproportionate cost of litigation to settlement.  This "practice of extracting settlements worth a fraction of what the case would cost to litigate supports a finding of exceptionality."  *Summit Data Sys., LLC v. EMC Corp.*, No. 10-749-GMS, 2014 WL 4955689, at *4 (D. Del. Sept. 25, 2014); *see also Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011).

### 3.      VIT and Empire IP's Serial and Frivolous Litigations Must Be Deterred

It is well established that § 285 may serve to deter plaintiffs from bringing future frivolous suits.  *Octane Fitness*, 134 S. Ct. at 1756 n.6.  This litigation, and the litigation tactics

of Empire IP, is precisely why this deterrent exists.  As discussed above, Empire IP has a history of bringing and maintaining frivolous lawsuits long after it knew or should have known them to be meritless.  This is the third case that Empire IP, through its shell companies, has brought against JLRNA.  And this is the third case where JLRNA has invalidated Empire IP's patents.  This pattern illustrates Empire IP's improper litigation strategy of purchasing inexpensive patents, performing only the most cursory diligence, asserting them despite exceptionally weak positions, and continuing to maintain the suit regardless of the merits.

Empire IP has yet to learn its lesson.  Even after the district court invalidated the *Secor* patent on summary judgment on multiple grounds, even after the PTAB instituted five IPRs on the *CCT* patent*,* and even after this Court granted a Rule 11 motion and dismissed the case in *VOT*, Empire IP (through its shell company Manitto) filed yet another baseless suit against JLRNA.  Empire IP's motive is obvious—continue to file suits, increase litigation costs, and try to force a settlement.  These baseless, serial litigations further evidence the need to find this case exceptional.  *Eon-Net*, 653 F.3d at 1327 (affirming a trial court's granting of fees after determining that a patentee "acted in bad faith by exploiting the high cost to defend complex litigation to extract a nuisance value settlement" from the accused infringers); *Summit Data*, 2014 WL 4955689, at *12; *Parallel Iron*, 70 F. Supp. 3d at 594.

## C.     JLRNA Is The Prevailing Party

There can be no dispute that JLRNA is the prevailing party.  Judgment of invalidity of each asserted claim (claims 1, 2, 3, 5 and 6) of the '677 patent was entered in favor of JLRNA and against VIT.  D.I. 132; 339 D.I. 43.

**D.      The Court Should Award JLRNA's Fees And Non-Taxable Costs**

Refusing to submit to VIT's baseless claims, JLRNA has borne the fees and costs of defending itself against claims that should have never been brought.   JLRNA respectfully requests that the Court enter an order requiring VIT to reimburse JLRNA for its reasonable attorneys' fees and related expenses incurred in defending this litigation, which was brought solely to extort a settlement fee from JLRNA.   *See Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2014 WL 4675002, at *3 (D. Del. Sept. 12, 2014) (awarding attorneys' fees and costs where plaintiff "filed a frivolous lawsuit with the sole purpose of extorting a settlement fee").

"[I]t is clear that the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur."   *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013).   Where a prevailing party "has obtained excellent results, his attorney should recover a fully compensatory fee."   *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) (internal quotations omitted). Additionally, under 35 U.S.C. § 285, a court may award non-taxable costs accompanying the incurred attorneys' fees.   *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983).

Here, VIT (and Empire IP) never should have brought this suit.   Given Empire IP's history of filing suits against automobile manufacturers (and particularly Mercedes) Empire IP should have known that the '677 Patent was anticipated by the 2001 Mercedes.   But more importantly, to deter Empire IP from its practice of filing meritless suits to extort settlement fees, JLRNA should recover the full scope of its fees and costs from the date VIT filed its complaint against JLRNA.

Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iii), JLRNA provides the following current estimate of the fees and costs in Case Nos. 12-1285 and 14-339 that it intends to seek in the event this litigation is determined to be exceptional.[4]

| | | |
|---|---|---|
| Lead Counsel Attorneys' Fees | ████████ | |
| Local Counsel Attorneys' Fees | ████████ | |
| Costs (include Expert Witness Fees) | ████████ | |

Once the Court finds this litigation exceptional and determines that JLRNA is entitled to an award under § 285, JLRNA will provide an accounting of its fees and costs. *See* Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."); *id.* Notes of Advisory Committee on Rule – 1993 Amendment ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. . . .  What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate)."); *Chalumeau Power Sys.*, 2014 WL 5814062, at *3 (ordering accounting after declaration of exceptionality).

## V.     CONCLUSION

For the foregoing reasons, JLRNA respectfully requests that the Court grant its motion declaring this an exceptional case under 35 U.S.C. § 285, and award JLRNA its attorneys' fees and non-taxable costs incurred in this matter.

---

[4] JLRNA has not yet separately sought its taxable costs through a bill of costs.  Pursuant to Local Rule 54.1(a)(1), JLRNA will file its separate bill of costs within 14 days after issuance of the mandate of the appellate court.

                                        */s/ David M. Fry*
                                        John W. Shaw (No. 3362)
OF COUNSEL:                             David M. Fry (No. 5486)
Matthew J. Moore                        SHAW KELLER LLP
LATHAM & WATKINS LLP                    300 Delaware Avenue, Suite 1120
555 Eleventh Street, N.W., Suite 1000   Wilmington, DE 19801
Washington, D.C. 20004                  (302) 298-0700
(202) 637-2278                          jshaw@shawkeller.com
                                        dfry@shawkeller.com
Clement J. Naples                       *Attorneys for Defendant Jaguar Land Rover*
LATHAM & WATKINS LLP                    *North America, LLC*
885 Third Avenue
New York, NY 10022
(212) 906-1331

Lisa K. Nguyen
LATHAM & WATKINS LLP
140 Scott Drive,
Menlo Park, CA 94085
(650) 463-2600

Dated: July 30, 2015

## CERTIFICATE OF SERVICE

I, David M. Fry, hereby certify that on July 30, 2015, this document was served

on the persons listed below in the manner indicated:

**BY E-MAIL**

Robert E. Freitas
David J. Weinberg
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
(650) 593-6300
rfreitas@fawlaw.com
dweinberg@fawlaw.com

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Sara E. Bussiere
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*/s/ David M. Fry*
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant Jaguar Land Rover North America, LLC*