IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VEHICLE INTERFACE TECHNOLOGIES,
LLC,

                 Plaintiff;

      v.

JAGUAR LAND ROVER NORTH
AMERICA, LLC,

                 Defendant.

Civil Action No. 12-1285-RGA
Civil Action No. 14-339-RGA

## MEMORANDUM ORDER

On December 28, 2015, I granted Defendant Jaguar Land Rover North America LLC's

motion for attorneys' fees pursuant to 35 U.S.C. § 285. (D.I. 149; C.A. No. 14-339 D.I. 58).[1]  In

granting the motion, I required Jaguar to submit documentation in support of its request for fees.

(D.I. 149). That additional documentation and the response of Plaintiff Vehicle Interface

Technologies, LLC ("VIT") are presently before the Court. (D.I. 150, 157, 162, 167).

Jaguar seeks attorneys' fees and costs in the amount of $2,883,048. (D.I. 150 at 22). The

total amount that Jaguar seeks reflects fees and costs incurred in this litigation from the date it

served its invalidity contentions on VIT, including: (1) attorneys' fees of lead and local counsel,

(2) expert witness fees, and (3) other expenses incurred as a result of the litigation. (Id. at 4).

VIT raises five objections. First, VIT argues that Jaguar is not entitled to fees prior to the filing

of its motion for summary judgment of invalidity. (D.I. 157 at 6). Second, VIT argues that

Jaguar may not recover attorneys' fees at a rate higher than the forum rate. (Id. at 12). Third,

VIT argues that the fees Jaguar requests are unreasonable and include attorneys' fees to which

---

[1] Citations to "D.I. ___" are to the docket in C.A. No. 12-1285 unless otherwise noted.

Jaguar is not entitled. (*Id.* at 15, 17, 19). Fourth, VIT argues that § 285 does not authorize an

award of costs in addition to reasonable attorneys' fees. (*Id.* at 21). Fifth, VIT argues that § 285

does not authorize an award of expert fees. (*Id.* at 22).

The Patent Act provides that "in exceptional cases [the court] may award reasonable

attorney fees to the prevailing party." 35 U.S.C. § 285. Federal Circuit case law governs claims

for attorneys' fees under § 285. *Bywaters v. United States*, 670 F.3d 1221, 1227–28 (Fed. Cir.

2012). To determine reasonable attorneys' fees, courts generally use the lodestar approach,

multiplying the number of hours reasonably spent by a reasonable hourly rate. *Lumen View

Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016). In "rare" and

"exceptional" circumstances in which certain factors are not adequately accounted for in the

lodestar calculation, a court may adjust the lodestar upward or downward. *Id.* A court must

justify a deviation from the lodestar with specific evidence. *Bywaters*, 670 F.3d at 1229.

## I. Date from Which Fees Are Available

As I stated in the opinion granting Jaguar's motion to declare this case exceptional, "fees

are appropriate from the date VIT had full notice that its case was objectively baseless in light of

the invalidating 2001 Mercedes prior art." (D.I. 148 at 10).

Jaguar maintains that VIT had full notice that its case was objectively baseless on July 1,

2013, the date Defendants served their initial invalidity contentions. (D.I. 150 at 4). Jaguar

notes that the 2001 Mercedes was "[o]ne of only 16 anticipating references identified in the

invalidity contentions." (*Id.* at 12). Jaguar argues that the 2001 Mercedes stood out as an

anticipatory reference in the initial invalidity contentions because Defendants contended that it

anticipated more asserted claims than any other identified prior art, including all the claims

asserted against Jaguar. (*Id.*). Further, Jaguar argues that the 2001 Mercedes stood out in the

2

contentions because it was associated with a forty-nine page invalidity chart, which represented more than 10% of the 470 total pages of contentions. (*Id.* at 12–13).

VIT maintains that it did not have notice that the 2001 Mercedes prior art rendered the case objectively baseless before the summary judgment motions were filed on October 3, 2014. (D.I. 157 at 11; *see* D.I. 88). VIT argues that Jaguar is not entitled to fees incurred before Jaguar moved for summary judgment because that was the date VIT was first presented with the side-by-side image of the accused Ford product and the photograph of the 1998 Lincoln dashboard, below. (D.I. 157 at 11).



VIT further argues that it did not have notice that the case was objectively baseless as of the date of service of Defendants' initial invalidity contentions because "[t]he 2001 Mercedes held a position of no greater prominence than the other references identified in the Initial Invalidity Contentions and eventually abandoned by Jaguar or not made a part of Jaguar's motion for summary judgment." (*Id.* at 6–7). VIT notes that the 2001 Mercedes claim chart was included as "Exhibit M" to the contentions, four charts before the final chart, "Exhibit P." (*Id.* at 7).

Although the side-by-side image is powerful, it is ultimately irrelevant to the fees issue presently before the Court. The prior art display presented in the side-by-side is a photograph of the 1998 Lincoln dashboard, not the 2001 Mercedes that was the basis of the Court's granting Defendants' motion for summary judgment of invalidity and Jaguar's motion to declare the case

3

exceptional. (D.I. 115 at 11; D.I. 148 at 6–9). Defendants' initial invalidity contentions,

including the 2001 Mercedes invalidity chart, contains sufficient detail to have put VIT on full

notice that its case was objectively baseless. (*See* D.I. 151-11). However, Jaguar is not entitled

to fees from the date of service of Defendants' invalidity contentions because the 2001 Mercedes

was one anticipatory reference identified along with sixteen others in nearly 500 pages of

contentions. VIT could not have been expected to dismiss the case until it had a reasonable

opportunity to read and evaluate Defendants' contentions. Certainly, VIT had reason to

understand the impact of the 2001 Mercedes prior art prior to October 4, 2013, when it

substantively responded to Jaguar's interrogatories by identifying claim limitations that it

maintained were not present in the asserted prior art references. (*See* D.I. 151-18 at 18–19, 23).

I have no basis to determine on which date between July 1 and October 4, 2013 VIT first had full

notice of the 2001 Mercedes prior art. Because Jaguar bears the burden of proof, I find that

Jaguar is entitled to fees pursuant to § 285 as of October 4, 2013, a date by which VIT certainly

had a reasonable opportunity to consider Defendants' initial invalidity contentions and was on

notice that the 2001 Mercedes prior art rendered VIT's case objectively baseless.

## II. Fees for the Appeal

Jaguar seeks to recover fees incurred in connection with VIT's appeal. (D.I. 150 at 14

(citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 5131, 517 (Fed. Cir. 2014); *Mathis

v. Spears*, 857 F.2d 749, 752, 760 (Fed. Cir. 1988))). VIT argues that Jaguar is not entitled to

fees for the appeal because it has not established that the appeal itself is exceptional within the

meaning of § 285. (D.I. 157 at 20). Jaguar responds that VIT's appeal is exceptional within the

meaning of § 285 because "VIT continues to pursue this objectively baseless litigation by

presenting the very same arguments on appeal." (D.I. 162 at 14). Jaguar also notes that the

4

Federal Circuit has stated that "a case should be viewed more as an inclusive whole rather than as a piecemeal process when analyzing fee-shifting under § 285." (*Id.* (quoting *Therasense, Inc.*, 745 F.3d at 516) (internal quotation marks omitted)).

At the time the parties submitted their briefs, VIT's appeal of this Court's judgment of invalidity was still pending. (*See* D.I. 150 at 14; D.I. 157 at 20). Since then, the Federal Circuit summarily affirmed the judgment. *Vehicle Interface Techs. LLC v. Jaguar Land Rover N. Am. LLC*, 2016 WL 2620520, at *1 (Fed. Cir. May 9, 2016). On appeal, VIT argued that this Court erred in construing the term "pages." (D.I. 151-20; D.I. 167 at 14–26, 39–43). Because VIT relied on the same arguments on appeal that I have found so lacking in merit that they are exceptional within the meaning of § 285 (*see* D.I. 148 at 6–9), VIT's appeal is also exceptional. *See Therasense, Inc.*, 745 F.3d at 517 ("§ 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals."). Jaguar is thus entitled to attorneys' fees incurred in defending against VIT's appeal.

## III.  Quantum of Reasonable Attorneys' Fees

A. Appropriate Rates

In most cases, the relevant rate is the prevailing rate in the forum of the litigation. *Bywaters*, 670 F.3d at 1232–33. Exceptions to the forum rate rule apply in unusual circumstances and "are permissible only where supported by specific evidence that no local attorneys possess the 'special expertise' necessary to take the case or that no local attorneys were willing to take the case." *Id.* at 1234.

Jaguar seeks the fees of both its local counsel at Shaw Keller LLP and its out-of-state counsel at Latham & Watkins LLP. (D.I. 150 at 4). VIT does not dispute the rates charged by Jaguar's attorneys at Shaw Keller. (*See* D.I. 157 at 12–15). VIT argues, however, that Jaguar is

5

not entitled to fees charged at the rates of its out-of-state counsel at Latham & Watkins. (*Id.*).

Jaguar argues that the exception to the forum rate rule applies because the case required the

special expertise of its out-of-state counsel. (D.I. 150 at 16). In particular, Jaguar argues that the

case required specialized knowledge because: (1) it was a patent case involving vehicles; (2)

Latham & Watkins attorneys have specialized knowledge as a result of having represented

Jaguar in at least fifteen patent litigations; and (3) Latham & Watkins attorneys represented

Jaguar in two patent lawsuits brought by the founders of VIT in different districts that were

pending during this litigation. (*Id.* at 16–18; D.I. 162 at 6–8). Jaguar does not indicate that

Delaware counsel were unwilling to litigate the case. (*See* D.I. 150 at 16–18).

The forum in this case is Delaware. The applicable rates in this matter are, therefore, the

prevailing market rates of Delaware intellectual property attorneys. The limited exception to the

forum rate rule does not apply because a number of Delaware attorneys can, and do, capably

litigate patent matters as lead counsel. Jaguar has not presented specific evidence that patent

cases involving vehicles, as opposed to other types of technologies, require specialized expertise.

Further, I accept Jaguar's representation that its Latham & Watkins counsel were able to achieve

certain efficiencies by virtue of representing Jaguar in the patent litigation pending concurrently

with this case and in other cases. Still, that the Latham & Watkins attorneys had prior

experience litigating cases in which Jaguar vehicles were at issue does not prove that no local

attorneys had the expertise necessary to litigate the case.

B. Number of Hours

Jaguar provided detailed records of the hours spent by its local and out-of-state counsel in

this litigation. (D.I. 151-1–151-2; D.I. 152-1–152-8). VIT objects to some of the hours on the

6

grounds that Jaguar is not entitled to fees for failed litigation activity or for inefficient or duplicative legal work. (D.I. 157 at 17–20).

VIT argues that Jaguar is not entitled to attorneys' fees for the work associated with its unsuccessful motion for summary judgment of non-infringement and motion to dismiss the C.A. No. 14-339 case. (D.I. 157 at 18–19). The Federal Circuit has approved fee awards to a prevailing defendant for good faith non-prevailing alternative defenses. *Mathis*, 857 F.2d at 756 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.")). Thus, Jaguar is entitled to recover attorneys' fees for work associated with its motion for summary judgment of non-infringement and the motion to dismiss C.A. No. 14-339.

VIT also argues that Jaguar is not entitled to attorneys' fees for inefficient and duplicative work associated with Jaguar's ten-page summary judgment reply brief and with Jaguar's preparation for the oral argument on summary judgment. (D.I. 157 at 19–20). Specifically, VIT argues that the 105 hours allocable to preparation of Jaguar's summary judgment reply brief should be reduced by 50% and that the 123.8 hours spent preparing for the oral argument on summary judgment should be reduced by 75%. (*Id.*). Jaguar responds that there was no duplication of effort and that the staffing was reasonable. (D.I. 162 at 10). Further, Jaguar argues that the time spent on the disputed summary judgment tasks was reasonable because it was necessitated by VIT's changing positions. (*Id.* at 11).

Reduction of claimed fees is appropriate where attorney hours are not "reasonably expended." *Hensley*, 461 U.S. at 434. VIT did not point to any particular instances of overstaffing and it does not seem unreasonable that six attorneys at Latham & Watkins would

7

have participated in this litigation over the course of two and a half years. (*See* D.I. 162 at 10).

Further, I believe expending 228.8 total hours on a ten-page reply brief and preparing for a two-

hour oral argument on summary judgment was reasonable given VIT's changing claim

construction positions. (*See* D.I. 147 at 62:19–24; *see also* D.I. 100 at 5 & n.1; D.I. 115 at 10;

D.I. 123 at 7). I therefore find that Jaguar is entitled to the fees associated with the hours

expended by its attorneys on the summary judgment reply brief and oral argument.

## IV. Expert Witness Fees and Other Expenses

Jaguar seeks to recover the fees it paid its expert witnesses during the litigation. (D.I.

150 at 21; D.I. 162 at 13). Expert fees are not recoverable under § 285, but "[a] district court has

inherent authority to impose sanctions in the form of reasonable expert fees in excess of what is

provided by statute." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (2012) (internal

quotation marks omitted); *see also Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d

1381, 1391 (Fed. Cir. 2008); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374,

378–79 (Fed. Cir. 1994). "[N]ot every case that qualifies as exceptional under § 285 will also

qualify for sanctions under the court's inherent power." *MarcTec, LLC*, 664 F.3d at 921. The

court's inherent power to impose sanctions in the form of reasonable expert fees is limited to

"cases where the district court makes a finding of fraud or bad faith." *Id.* (internal quotation

marks omitted); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp.

3d 1331, 1337 (C.D. Cal. 2015) ("[E]xpert fees are only allowable if there is fraud on the court

or abuse of judicial process." (internal quotation marks omitted)), *appeals dismissed*, Nos. 15-

1440 and 16-1107 (Fed. Cir. Feb. 18, 2016).

Jaguar is not entitled to recover expert witness fees pursuant to the Court's inherent

authority. Jaguar has proven that VIT's proposed claim construction was "not even close" to

8

being proper (D.I. 115 at 10), that the case was objectively baseless (D.I. 148 at 8), and that

"VIT's litigation conduct was, at times, improperly motivated" (*id.* at 8–9). These findings,

however, fall short of the more exacting standard required for an award of expert witness fees.

Jaguar also seeks various other costs and expenses incurred in the litigation, including

"travel to the United Kingdom for fact depositions and copying costs for exhibits for expert

depositions[ that] were all necessary to the litigation." (D.I. 150 at 21). "Beyond attorney fees,

the award of expenses is also properly within the scope of § 285." *Universal Elecs., Inc.*, 130 F.

Supp. 3d at 1337, 1341 (internal quotation marks and alterations omitted); *see also Takeda*

*Chem. Indus., Ltd.*, 549 F.3d at 1391 (affirming award of "attorney fees and related expenses"

under § 285); *Mathis*, 857 F.2d at 754 ("Because of the variety of acts that may render a case

'exceptional,' we do not hold that all awards under Section 285 may or must include expenses, or

expenses of any particular type or amount."); *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d

1573, 1578 (Fed. Cir. 1983). "Courts may award reimbursement of certain expenses when the

expenses are reasonable, necessary to the prosecution of the litigation, and adequately

documented. These expenses normally include those related to travel, food, lodging, telephone,

mail, photocopying, facsimile, courier, filing fees, deposition transcripts, subpoena services, and

other related services." *Philips Elecs. N. Am. Corp. v. Compo Micro Tech, Inc.*, 2006 WL

3020724, at *6 (D. Del. Oct. 23, 2006) (citations omitted). Jaguar submitted line item

descriptions of the expenses incurred by its out-of-state and local counsel. (*See* D.I. 151-2; D.I.

152-1–152-8). The expenses fall within the categories of expenses ordinarily recoverable under

§ 285 and seem reasonable. Therefore, except for the expert witness fees, Jaguar is entitled to

the expenses that it seeks.

9

**V. Conclusion**

The Court orders Jaguar to supplement the proposed fee award with up-to-date amounts and to recalculate it consistent with this Memorandum Order.  Within fourteen days, Jaguar is to serve the proposed award, underlying calculations, and supplemental supporting documentation on VIT and to thereafter meet and confer with VIT.  Within thirty days, Jaguar is to submit a joint proposed order reflecting an agreed-upon fee award consistent with this Memorandum Order and to file the supporting documentation.  If the parties cannot agree, they are ordered to file letters of no more than three pages explaining their positions.

Entered this /5 day of June, 2016.

_____
United States District Judge