IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE INTERFACE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, <br><br> Defendant. | Civ. No. 12-1285-RGA <br><br> Civ. No. 14-339-RGA |

## MEMORANDUM

Plaintiff Vehicle Interface Technologies, LLC ("VIT") sued Defendant Jaguar Land Rover North America, LLC ("Jaguar") for patent infringement. (D.I. 1).[1] Ultimately, the court granted summary judgment in favor of Jaguar and against VIT. (D.I. 115). In addition, the court declared the case exceptional under 35 U.S.C. § 285 and awarded Jaguar $2,010,398 in attorneys' fees and costs (the "Fee Award"). (D.I. 149, D.I. 175). Both of these decisions were affirmed on appeal. (D.I. 168, D.I. 189). Over a year later, VIT has still not satisfied the Fee Award. (D.I. 191 at 2). As a result, Jaguar now moves, pursuant to Fed. R. Civ. P. 69(a)(1), to enforce the Fee Award under a veil piercing theory against VIT's only two owners, non-parties Daniel Mitry and Timothy Salmon. (D.I. 190, D.I. 191). Because Jaguar has not shown that the state of Delaware provides a procedure for enforcing a judgment against a non-party under a veil piercing theory, the court denies the motion as procedurally improper.

---

[1] All cites are to the docket for C.A. No. 12-1285.

1

1. **Discussion.** Fed. R. Civ. P. 69(a)(1) empowers federal courts to enforce money judgments in supplementary proceedings in accordance with the "procedure of the state where the court is located."[2] Fed. R. Civ. P. 69(a)(1); *see also Comcast of Ill. X v. Multi-Vision Elec., Inc.*, 504 F. Supp. 2d 740, 747 (D. Neb. 2007) (stating that, under Rule 69, "a federal district court has [the] same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law"). Because this court is located in Delaware, it may only rely on the procedures provided by the state of Delaware. Jaguar claims, but has not shown, that Delaware provides a procedure for enforcing judgments after the fact on non-parties under a veil piercing theory (sometime also called an alter-ego theory). (D.I. 204 at 3, D.I. 191 at 11).

2. Jaguar cited several cases where a court employed a veil piercing theory on a Rule 69 motion, but not a single one of those cases relied on a Delaware procedure. *See Sys. Div., Inc. v. Teknek Elec., Ltd.*, 253 F. App'x 31, 34 (Fed. Cir. 2007) (affirming district court's decision to add new parties to the judgment under Rule 69 because "California Code of Civil Procedure § 187 allows amendment of the patent infringement judgment to add a non-party judgment debtor"); *Cordius Trust v. Kummerfeld*, 153 F. App'x 761, 762 (2d Cir. 2005) (affirming use of veil piercing on a Rule 69 motion because New York Civil Practice Law and Rules § 5225(b) allows veil piercing actions to be initiated as supplementary special proceedings rather than plenary actions); *In re Levander*, 180 F.3d 1114, 1120–21 (9th Cir. 1999) (affirming district court's use of an alter ego theory to add a new judgment-debtor under Rule 69 "[b]ecause California law allows amendment of a judgment to add a judgment-debtor"); *Am. Federated Title Corp. v. GFI Mgmt.*

---

[2] Fed. R. Civ. P. 69(a)(1) states in its entirety: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

2

*Serv., Inc.*, 39 F. Supp. 3d 516, 522 (S.D.N.Y. 2014) (stating that veil-piercing claims are appropriate under Rule 69(a) because N.Y.C.P.L.R. § 5225(b)—which is a part of the New York procedural rules to which Rule 69(a) instructs New York federal courts to look—allows veil piercing "as a means of holding a corporation's owners liable for prior judgments against their corporation"); *Comcast*, 504 F. Supp. 2d 740, 747 (D. Neb. 2007) (using equitable powers to pierce the veil on a Rule 69 motion because Neb. Rev. Stat. § 25–1564 "provides a means whereby a creditor can call upon the equitable powers of the court to enforce the satisfaction of judgments"); *Flip Side Prod., Inc. v. Jam Prod., Ltd.*, 125 F.R.D. 144, 145 (N.D. Ill. 1989) (stating that a motion to enforce a judgment pursuant to Ill. Rev. Stat. ch. 110, ¶ 2–1402 needs to be brought under Rule 69, not Rule 60). Because these cases do not rely on a Delaware procedure, they do not help Jaguar's motion.

3. Rather, these cases illustrate the deficiency in Jaguar's motion. Each of these cases relied on a procedure—codified in a state rule or state statute—that gave the courts of that state authority to grant the type of relief Jaguar seeks here.[3] For example, Ill. Rev. Stat. ch. 110, ¶ 2–1402 states, in relevant part, "A judgment creditor ... is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, ... and of compelling the application of non-exempt assets or income discovered toward the payment of the

---

[3] The only case that did not rely on a state statute or rule was *SemMaterials*, which instead quoted case law from New York. *See SemMaterials, L.P. v. Alliance Asphalt, Inc.*, 2008 WL 161797, at *3 (D. Idaho Jan. 15, 2008) ("An action to pierce the corporate veil in order to enforce a court's previous judgment is within the purview of Rule 69" (quoting *Cordius v. Kummerfeld*, 2004 WL 616125, at *3 (S.D.N.Y. Mar. 30, 2004)). Because the *SemMaterials* court was an Idaho court, and thus obligated to follow Idaho procedure, its reliance on a New York case for its authority under Rule 69 is not persuasive, particularly when the Second Circuit pointed out that the New York trial court was following a specific state procedure. *Cordius*, 153 F. App'x at 763.

3

amount due under the judgment." Neb. Rev. Stat. § 25–1564 states, "Where a judgment debtor has not personal or real property subject to levy on execution, sufficient to satisfy the judgment, any interest which he may have ... in possession of any person, body politic or corporate, shall be subject to the payment of such judgment by proceedings in equity, or as in this chapter prescribed." N.Y.C.L.R. § 5225(b) states, "Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest ..., where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money." Finally, Cal. Civil Proc. Code § 187 states: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction ... any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." According to California, amending the judgment to add additional judgment debtors based on an alter-ego theory is "an equitable procedure," over which Section 187 gives California trial courts jurisdiction. *McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 107 Cal. Rptr. 2d 702, 705 (Cal. Ct. App. 2001). Jaguar did not cite any similar rule or statute from Delaware.

    4. Instead, Jaguar cited several Delaware cases that are inapt. In those cases, plaintiffs were not attempting to enforce a judgment against a non-party, but asserting a veil piercing theory against a defendant who was a party to the proceeding from the beginning. *See Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 521-22 (S.D.N.Y. 2012) (deciding on a motion for summary judgment and cross-motion for judgment on the pleadings whether defendants are liable under a veil piercing theory); *Blair v. Infineon Tech. AG*, 720 F. Supp. 2d

4

462, 473 (D. Del. 2010) (deciding on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) whether plaintiffs stated a claim against defendants under an alter ego theory of liability); *Geyer v. Ingersoll Publ'ns Co.*, 621 A.2d 784, 794 (Del. Ch. 1992) (same); *United States v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1101 (D. Del. 1988) (stating that the first amended complaint alleged that the Capano defendants should be liable under an alter ego theory for any breach of contract by the Golden Acres defendant); *Gadsden v. Home Preservation Co.*, 2004 WL 485468, at *1 (Del. Ch. Feb. 20, 2004) (holding a trial on the merits to determine whether the defendant can be held liable under a veil piercing theory). Accordingly, these cases do not demonstrate that Delaware provides a procedure for amending a judgment to attach a non-party under a veil piercing theory.

5. On December 6, 2017, the court gave Jaguar an opportunity to address the absence of citation to a relevant Delaware authority in its motion by issuing an oral order that asked Jaguar to identify "any Delaware statute or rule of court that authorizes a Delaware court to enforce a judgment against a non-party on a veil-piercing or alter ego theory." (D.I. 220). Jaguar responded by citing Del. Ch. Ct. R. 71, which states in relevant part: "[W]hen obedience to an order may be lawfully enforced against a person who is not a party, that person is liable to the same process for enforcing obedience to the order as if that person were a party." (D.I. 221). According to Jaguar, there are only two cases applying Del. Ch. Ct. R. 71, and both are inapplicable to the present motion, because they address civil contempt. (*See Id.* (citing *In re Mobileactive Media, LLC*, 2017 Del. Ch. LEXIS 602, at *2 (Del. Ch. Jan. 19, 2017); *In re Tyson Foods, Inc.*, 919 A.2d 563 (Del. Ch. 2007)). As a result, Jaguar asks the court to construe Del. Ch. Ct. R. 71 in the same manner that federal courts purportedly construe Fed. R. Civ. P. 71. (D.I. 221).

6. For several reasons, the court declines Jaguar's request. First, it is not automatic that Delaware and federal rules, even with the exact same language, will be interpreted the same. *See, e.g., Cede & Co. v. Technicolor, Inc.*, 542 A.2d 1182, 1191 n. 11 (Del. 1988) ("Decisions interpreting the Federal Rules of Civil Procedure are usually of great persuasive weight in the construction of parallel Delaware rules; however, such decisions are not actually binding upon Delaware courts." (citations omitted)). Second, Jaguar has not shown that federal courts use Fed. R. Civ. P. 71 to enforce a judgment against a non-party based on a veil piercing theory. Jaguar does not cite a single case where this occurred.[4] Third, "decisions interpreting Rule 71 have ... indicated that the rule's reach is limited." *DBD Credit Funding LLC v. Silicon Lab., Inc.*, 2017 WL 4150344, at *7 (N.D. Cal. Sept. 19, 2017); *see also In re Emp't Discrimination Litig. Against State of Ala.*, 213 F.R.D. 592, 599 (M.D. Ala. 2003) (stating that the history of Equity Rule 11, the predecessor to Rule 71, demonstrates that the rule was not intended to "permit broad process against non-parties"). Finally, "when enforcing a judgment against non-parties, Rule 71 is explicitly restricted to circumstances where enforcement does not violate due process or is otherwise lawful." 12B Charles A. Wright, et al., Federal Practice and Procedure 1047 (Apr. 2017). Mitry and Salmon have raised due process arguments. (D.I. 196 at 2-3). Taking all of this together, the court does not see a clear path to finding that the state of Delaware provides a procedure under Del. Ch. Ct. R. 71 for enforcing a judgment against non-parties based on a veil piercing theory.

---

[4] Instead, Jaguar cites two cases employing Fed. R. Civ. P. 71 under circumstances not alleged to exist here. (D.I. 221). The judgments were entered against "bogus and fraudulently created" non-party instrumentalities "erected to evade [the] Court's orders." *Select Creations v. Paliafito Am.*, 852 F. Supp. 740, 777-78 (E.D. Wis. 1994); *In re D.H. Overmyer Telecasting Co.*, 53 B.R. 963, 984-85 (N.D. Ohio 1984). Here, Jaguar has not alleged that VIT was created to avoid paying the Fee Award.

7. **Conclusion.** For the foregoing reasons, Jaguar has not shown that Fed. R. Civ. P. 69(a)(1) is the proper procedural mechanism for enforcing the Fee Award against Mitry and Salmon. Therefore, Jaguar's Motion to Join VIT's Owners to the Judgment is denied. (D.I. 190 in C.A. No. 12-1285, D.I. 96 in C.A. No. 14-339). An appropriate order will be entered.

Dated: December 14, 2017

_____
UNITED STATES DISTRICT JUDGE